UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

GEORGE E. BAILEY,

Plaintiff,

v.

AUGUSTINE MEDICAL, INC.

Defendant.

---

CIVIL NO. 01-695 (ADM/AJB)

**ORDER**

Plaintiff has filed a complaint seeking relief under the Civil Rights Act of 1964 (as amended), based on allegations that Defendant subjected him to racial discrimination during the course of his employment. (Docket No. 1.) The matter is presently before the Court on Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), by which Plaintiff seeks leave to proceed in this matter in forma pauperis, ("IFP"), pursuant to 28 U.S.C. § 1915(a).

Plaintiff's IFP application shows that he is employed at Health Partners, Inc., but it does not clearly indicate the amount of his current income. Although Plaintiff represents that his take-home pay is $1051.00, his IFP application does not indicate how often he receives that amount. Plaintiff's IFP application also indicates that he is receiving $200 in "disability or workers compensation payments," but he has again failed to explain how often (or why) he receives such payments.

Because Plaintiff has not properly completed his IFP application form, it cannot be determined whether he is truly unable to pay the statutory filing fee and other costs of this action.[1]

---

[1] The Court also notes that Plaintiff was found to be financially ineligible for IFP status in another action that he brought here just about a year ago. Bailey v. American Express Financial Advisors, Inc., Civil No. 00-544 (RHK/JMM). That prior determination raises further questions about the viability of Plaintiff's current IFP application.

FILED APR 27 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD ____
DEPUTY CLERK ____

Plaintiff's request for IFP status will therefore be denied at this time.

The Court recognizes that Plaintiff may indeed qualify for IFP status, so he will be given an opportunity to submit a new IFP application form. Plaintiff must fill out the new form accurately and completely, and file it with the Court as an "Amended IFP Application." The Court will then re-consider whether Plaintiff is eligible for IFP status, based on the information appearing in the Amended IFP Application form. The Court will also then consider whether Plaintiff's complaint states a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2).[2] In the alternative, of course, Plaintiff may pay the regular $150 filing fee, and prosecute his claims as a non-IFP litigant.

If Plaintiff does not pay the regular filing fee or file an Amended IFP Application by May 21, 2001, he will be deemed to have abandoned this action, and it will be recommended that the action be dismissed, without prejudice, pursuant to Fed. R. Civ. P. 41(b).

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY ORDERED that:

1. Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2) is **DENIED WITHOUT PREJUDICE**; and

---

[2] Even if Plaintiff does file an Amended IFP application showing that he is indigent, there is a good chance that his complaint will be dismissed for failure to state an actionable claim. The current complaint appears to be defective, because Plaintiff has not clearly alleged that he has exhausted the administrative remedies that are available for his employment discrimination claim. See Shannon v. Ford Motor Co., 72 F.3d 678, 684 (8th Cir. 1996) ("[t]he proper exhaustion of administrative remedies gives the plaintiff a green light to bring [an] employment discrimination claim"). Plaintiff may want to try to cure that apparent defect by filing an amended complaint, which shows that he has indeed exhausted his administrative remedies, before he attempts to proceed any further in this action. See Fed. R. Civ. P. 15(a).

2. Plaintiff shall pay the regular $150 filing fee or file an Amended IFP Application, on or before May 21, 2001, failing which it will be recommended that the action be dismissed without prejudice.

Dated: April 26th, 2001

ARTHUR J. BOYLAN
United States Magistrate Judge