**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

George E. Bailey,

Plaintiff,

v.

Augustine Medical Group, Inc.,

Defendant.

Civil No. 01-695 ADM/AJB

**ORDER ON MOTION TO AMEND**

---

The above-entitled matter came before the Honorable Arthur J. Boylan, Magistrate Judge of the United States District Court, District of Minnesota, in Room 638, U.S. Courthouse, 316 N. Robert Street, St. Paul, Minnesota, 55101, on January 3, 2002, for a hearing on Plaintiff's Motion to Amend Complaint [Docket 20]. Clayton D. Halunen, Esq., represented Plaintiff; and Bradley J. Lindeman, Esq., represented Defendant.

Based on the file, records, affidavits, and arguments of counsel,

**IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Motion to Amend Complaint pursuant to FED. R. CIV. P. 15(a) is granted. [Docket 20]

2. Plaintiff is granted leave to amend his complaint to include the retaliation claim under Title VII, 42 U.S.C. § 2000(e).

3. Plaintiff is granted leave to amend his complaint to include the discrimination and retaliation claim under Minnesota Human Rights Act, MINN. STAT. § 363.01.

FILED FEB 20 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

4. Plaintiff is granted leave to amend his complaint to include claims under the Family Medical Leave Act, 29 U.S.C. § 2615.

Date: 2/20/02

ARTHUR J. BOYLAN
United States Magistrate Judge

**MEMORANDUM**

In this employment discrimination action, Plaintiff George E. Bailey seeks leave to amend his complaint to include claims of racial discrimination and retaliation under both the Minnesota Human Rights Act (MHRA), MINN. STAT. § 363.01 and Title VII, 42 U.S.C. § 2000(e). Plaintiff further seeks leave to amend his complaint to include claims under the Family Medical Leave Act (FMLA), 29 U.S.C. § 2615. Defendant, Augustine Medical, Inc. (Augustine Medical), a Minnesota corporation, argues that the Court should bar Plaintiff's amendments because Plaintiff: (1) failed to exhaust administrative remedies under Title VII and MHRA; (2) failed to raise the proposed amendments under Title VII and MHRA within the applicable statute of limitations; and (3) was not an employee of Augustine Medical for the requisite twelve-month period prescribed by the FMLA.

Plaintiff's previous employer, Accounttemps, is a temporary employment agency. In July 1999, Accounttemps placed Bailey with Defendant. Defendant, subsequently, extended a full-time job offer to Bailey, and he was placed on Defendant's payroll on August 30, 1999.

Plaintiff was an at-will employee of Augustine Medical from August 30, 1999, until August 18, 2000. His primary responsibility was that of an accounts payable clerk.

During the course of employment, Plaintiff applied for a different position within Augustine Medical and was denied the position. After Augustine Medical denied Plaintiff the job sought, Plaintiff met with his immediate supervisor and Defendant's human resources department to discuss what Plaintiff felt were unfair promotional practices. According to Bailey, this initial complaint plagued him at work over a five month period from April 2000, to August 2000.

On August 17, 2000, Plaintiff met with Defendant's President and another supervisor to discuss Plaintiff's initial complaint, as well as subsequent issues raised by Defendant's human resources department. Following this meeting, Plaintiff consulted a doctor on August 18, 2000, for what he claimed to be a near nervous breakdown due to stress from the circumstances surrounding his employment at Augustine Medical. On the advice of his doctor, Plaintiff did not return to work. Plaintiff claims this information was communicated to Defendant, but Defendant denies this assertion. Defendant and Plaintiff were scheduled to meet on August 28, 2000, to further discuss Plaintiff's willingness to continue his employment with Augustine Medical. However, Plaintiff canceled this meeting via telephone. Defendant, thereafter, informed Bailey of a letter he would be receiving from Augustine Medical. Defendant's letter indicated that Augustine Medical accepted Plaintiff's resignation effective immediately.

Based on the aforementioned circumstances, Plaintiff initiated an action with the Equal Employment Opportunities Commission (EEOC) on November 23, 2000. This action was cross-

filed with the Minnesota Department of Human Rights (MDHR). Bailey received a Dismissal and Notice of Rights letter dated January 23, 2001, from EEOC. The EEOC letter informed Plaintiff of EEOC's determination that it was "unable to conclude that the information obtained establishes violations of the statutes." [Aff. of B. Lindeman, Ex. E].[1] More importantly the EEOC letter advised Bailey that should he seek to pursue this matter further in a civil lawsuit, the lawsuit "must be filed WITHIN 90 DAYS from your receipt of this Notice." [Aff. of B. Lindeman, Ex. E]. In addition to the EEOC letter, Bailey was sent a similar letter dated March 8, 2001, from MDHR informing him that he may bring a civil action "within 45 days of receipt of [this] notice." [Aff. of B. Lindeman, Ex. F]. Plaintiff commenced this employment discrimination action *pro se* by filing his initial complaint with the U.S. District Court, District of Minnesota on April 23, 2001, thereby satisfying both the 45-day and 90-day limitations periods.

In the motion presently before the Court, Plaintiff seeks leave to amend his complaint in order to include claims of race discrimination and retaliation under both MHRA, *see* MINN. STAT. § 363.01 *et seq*., and Title VII, 42 U.S.C. § 2000(e) *et seq*. Plaintiff further seeks leave to amend his complaint to include claims under the FMLA, 29 U.S.C. § 2615 *et seq*. In response, Defendant asserts that the Court should deny leave to amend because Plaintiff has failed to exhaust administrative remedies with respect to Title VII claims, has failed to seek leave to add proposed amendments within the applicable statute of limitations, and was not an employee of

---

[1] Docket No. 23.

Augustine Medical for the requisite twelve-month period as prescribed by statute relating to FMLA claims.

The issues before this Court are: whether justice would be served by granting Plaintiff leave to amend his complaint to include the proposed claims; whether Plaintiff's proposed retaliation claims under MHRA and Title VII are reasonably related to Plaintiff's initial EEOC charge; and whether FMLA provides Plaintiff a remedy for which he can bring the proposed amendment under FMLA.

Leave to Amend

It is fundamental that "[a] party may amend the party's pleading only by leave of court ... and leave shall be freely given when justice so requires," FED. R. CIV. P. 15(a), so as to allow Plaintiff the opportunity to test his proposed amendments on the merits of the case. *See* Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962). However, limited circumstances do exist which would justify a court's refusal of leave to amend pleadings, including undue delay, bad faith by the moving party, futility of the amendment, or prejudice to the opposing party. Id. Consequently, the Court must determine whether Plaintiff's proposed amendments fall within any of the justifications for denying leave to amend as set forth by the *Foman* Court.

The Court has been presented with no persuasive facts indicating Plaintiff's proposed amendments were brought in bad faith, would cause undue delay, or would prejudice Augustine Medical. Defendant, however, has asserted that Plaintiff's proposed amendments are futile due to Plaintiff's failure to exhaust administrative remedies, and failure to raise the proposed amendments within the applicable period of limitations.

Exhaustion of Remedies under Title VII and MHRA

In order to allege his retaliation claims under Title VII, 42 U.S.C. § 2000(e), Plaintiff must have exhausted all administrative remedies with the EEOC prior to making the claim in this Court. The Court will look to federal law to decide whether a plaintiff has exhausted all administrative remedies. *See* Tart v. Hill Behan Lumber Co., 31 F.3d 668-671 (8th Cir. 1994). However, under the MHRA, there is no requirement that an administrative charge of discrimination or retaliation be filed before filing a civil action. *See* MINN. STAT. § 363.06, subd. 3. Thus, the barrier to Plaintiff's Title VII retaliation claim is not present with respect to his racial discrimination and retaliation claims under the MHRA.

Exhaustion with respect to Title VII requires that a plaintiff "give notice of all claims in an administrative charge, interpreted liberally to further the remedial purposes of the legislation prohibiting unlawful employment practices." Cobb v. Stringer, 850 F.2d 356, 359 (8th Cir. 1988)(citing Griffin v. Carlin, 755 F.2d 1516, 1522 (11th Cir. 1985)). Moreover, a plaintiff exhausts administrative remedies when allegations in the judicial complaint are "like or reasonably related to the substance of the charges timely brought before the EEOC." Williams v. Little Rock Mun. Water Works, 21 F.3d 218, 222 (8th Cir. 1994). Whereas Defendant raised the issue of Plaintiff's failure to exhaust administrative remedies, the Court must consider whether Plaintiff's proposed amendments are reasonably related to the charges brought before the EEOC, and whether those charges were timely brought.

Reasonable Relationship Between Title VII Discrimination and Proposed Retaliation Claims

Whether or not a reasonable relationship exists between claims depends on whether there

is a factual relationship between them. This means that the EEOC charge and the complaint "must, at a minimum, describe the same conduct and implicate the same individuals." Cheek v. W. & So. Life Ins. Co., 31 F.3d 497, 501 (7th Cir. 1994); Satz v. ITT Fin. Corp., 619 F.2d 738, 741 (8th Cir. 1980) (stating "[a] Title VII complainant may raise claims in court 'like or related' to the substance of the complaint's charge before the EEOC"). In other words, a plaintiff may amend the original charge to include what the "EEOC investigation could reasonably be expected to grow from the original complaint." Schnellbaecher v. Baskin Clothing Co., 887 F.2d 124, 127 (7th Cir. 1989) (citing Satz, 619 F.2d at 741); *see also* 29 C.F.R. 1601.12(b) (stating "amendments alleging additional acts which constitute unlawful employment practices related to or growing out of the subject matter of the original charge will relate back to the date the charge was first received.").

When Plaintiff initiated his complaint with the EEOC he completed the necessary Notice of Charge of Discrimination (Notice) [Aff. of B. Lindeman, Ex. D]. This Notice required Mr. Bailey to check the appropriate box corresponding to his basis of discrimination. Plaintiff checked the box marked race, but failed to check the box marked retaliation.[2] Yet, Bailey did allege that Defendant's actions were retaliatory in nature in his Charge of Discrimination (Charge) [Aff. of B. Lindeman, Ex. D]. Hence Bailey's retaliation charge, although not checked on the Notice, was alleged in his formal Charge.

[2] Failure to check an appropriate box on an EEOC Notice of Charge of Discrimination may amount to a failure to exhaust administrative remedies *if the plaintiff made no allegations within the complaint. See, e.g.*, Price v. Harrah's Md. Heights Operating Co., 117 F.Supp.2d 919, 921-22 (8th Cir. E.D. Mo. 2000) (emphasis added) (holding that plaintiff failed to exhaust administrative remedies by not checking the appropriate basis of discrimination box and failing to allege such discrimination in the written charge).

This Court necessarily must determine if a factual relationship exists between Plaintiff's claims and the proposed amendments. *See* Cheek, 31 F.3d at 501. Plaintiff's original claim, as previously stated, contains both a charge of racial discrimination and a charge of retaliation based on Plaintiff's complaints surrounding the discriminatory conduct. Plaintiff stated in his Charge that due to his initial complaint to Defendant's human resources department, he was subject to continued harassment and threat of termination by those same individuals who heard his initial complaint regarding unfair promotional practices. [Aff. of B. Lindeman, Ex. E]. Consequently, one can easily surmise that Plaintiff's proposed retaliation amendment bears a factual relationship to his race discrimination charge in that Plaintiff's proposed retaliation amendment depicts the same conduct throughout Augustine Medical's managerial staff and implicates the same individuals responsible for this conduct.

Based on the foregoing, the Court will not find that Plaintiff failed to exhaust his administrative remedies with the EEOC and MDHR, and as such his proposed amendments are not futile as a matter of law. Plaintiff's claim was brought within the statutory framework, and his claim included both a charge of racial discrimination and a charge of retaliation with regards to his protest of Defendant's unfair promotional practices.

<u>Timeliness with regards to Plaintiff's Title VII Retaliation Claim and MHRA Racial Discrimination and Retaliation Claims</u>

Title VII required Plaintiff to initiate an EEOC claim within one hundred-eighty days after the last alleged unlawful employment practice occurred, unless Plaintiff first brought his claim before a state or local agency having authority to grant relief for the alleged unlawful

employment practice, in which case Plaintiff would be entitled to a three hundred day window to file an EEOC charge. 42 U.S.C. § 2000e-5(e)(1) (2001). Arguably, Bailey's alleged employment discrimination by Defendant commenced April 6, 2000, and continued until August 28, 2000.[3] Based on the continuing nature of the alleged employment discrimination, it is reasonable to infer the last act of unlawful employment practices occurred August 28, 2001, i.e. Bailey's last day of work at Augustine Medical. Bailey commenced his EEOC charge on November 30, 2000, which is within both the one hundred-eighty day and three hundred day limits mandated by the statute.

MHRA requires Plaintiff to initiate a "claim of unfair discriminatory practice within one-year after the occurrence of the practice." MINN. STAT. § 363.06, subd. 3. As previously stated, a reasonable inference can be made that August 28, 2000 was the last occurrence of Defendant's discriminatory employment practices with respect to Plaintiff. Moreover, the EEOC charge was cross-filed with MDHR pursuant to MINN. RULE 5000.0400 Subp. 2a. By filing the EEOC claim on November 30, 2000, Plaintiff complied with the limitations period provided for by the MHRA. *See* MINN. STAT. § 363.06, subd. 3.

For purposes of amendment the Court will not find as a matter of law that claims are time barred and therefore futile. Plaintiff appears to have met Title VII's timeliness requirements with respect to his proposed claim of retaliation and the MHRA's timeliness requirement with respect to his proposed claims of racial discrimination and retaliation.

---

[3] When Title VII violations are continuing in nature, the limitations period does not begin to run until the last occurrence of discrimination. *See* Smith v. Ashland, Inc., 250 F.3d 1167, 1172 (8th Cir. 2001); Hukkanen v. Int'l Union of Operating Eng'rs, Hoisting & Portable, 3 F.3d 281, 285 (8th Cir. 1993).

Leave to Amend to Add a Claim under Family Medical Leave Act

In order for Plaintiff to bring a claim under FMLA, the Court must determine whether Plaintiff was an "eligible employee" under FMLA.[4] "An 'eligible employee' is an employee of a covered employer who ... [h]as been employed by the employer for at least 12 months." 29 C.F.R. 825.110(a)(1) (quotations in original). The "reclassification ... from temporary to permanent employee does not alter that time frame." Miller v. Defiance Metal Products, Inc., 989 F.Supp. 945, 947 (N.D. Ohio 1997).

Plaintiff was employed by a temporary service, Accounttemps, which placed him with Augustine Medical in July 1999. From July 1999 to August 29, 1999, Accounttemps and Augustine Medical were considered Plaintiff's joint employers. *See* 29 C.F.R. § 825.106(a)-(b).[5] Consequently for purposes of amendment, Defendant was arguably employed by Plaintiff for the requisite twelve-month period. This Court will not find on motion for leave to amend that Plaintiff's proposed FMLA claim is futile as a matter of law. Thus, this Court grants Plaintiff leave to allege a claim under FMLA.

---

[4] The Court does not address whether Augustine Medical is a "covered employer" under FMLA because Defendant does not dispute that FMLA does in fact "cover" it.

[5] Although Defendant was arguably the secondary employer as contemplated by the regulation, this is irrelevant due to the fact that both Accounttemps and Augustine Medical were required to count jointly employed employees to determine an employee's eligibility. *See* 29 C.F.R. § 825.106(d).