**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

---

GEORGE E. BAILEY,

Plaintiff,

v.

AUGUSTINE MEDICAL, INC.,

Defendant.

Civil No. 01-695 ADM/AJB

**ORDER**

---

Before the Court is Defendant's motion to compel. Based on the file, affidavits, memoranda and arguments of counsel, IT IS HEREBY ORDERED THAT:

1. Defendant's motion is **denied in part and granted in part** [Docket No. 27];
2. Plaintiff shall submit to an independent psychiatric examination, which shall take place on or before May 31, 2002, and shall be no longer than seven hours, not including one hour for breaks;
3. The examination ordered above may be conducted without audio-tape recording, and outside the presence of counsel;
4. Defendant's motion is denied, to the extent that it seeks an order compelling Melinda Jendersee to answer questions regarding sexual relations with Plaintiff;
5. Defendant shall meet its expert-disclosure obligations within thirty days following the examination of Plaintiff; and
6. Defendant's request for fees and costs is denied.

Dated: May 14, 2002

Arthur J. Boylan
UNITED STATES MAGISTRATE JUDGE

FILED MAY 14 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

## MEMORANDUM

FED. R. CIV. P. 35(a) provides that when a party's mental condition is placed into controversy, the Court may, upon good cause shown, order the party to submit to an examination. Here, in making a claim for a violation of the Family Medical Leave Act, Plaintiff has placed his mental condition into controversy. Plaintiff argues that an examination, now, could not possibly capture his mental condition during the period relevant to the F.M.L.A. claim. This point, however, more appropriately goes toward the weight of the evidence.

Defendant also seeks an order compelling Melinda Jendersee to answer questions regarding sexual relations with Plaintiff. The Court concludes that Ms. Jendersee's privacy outweighs Defendant's need for this sought-after information. The extent of Ms. Jendersee's relationship with Plaintiff can be adequately explored without delving into whether or not she had sexual relations with Plaintiff.

AJB